FILED
2026 Mar-31  AM 10:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **DONNIE WAYNE BROWN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:25-cv-222-ACA-SGC** |
| | ) | |
| **WARDEN SMITH,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### MEMORANDUM OPINION

Petitioner Donnie Wayne Brown filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). The magistrate judge entered a report recommending the court dismiss the petition as untimely. (Doc. 11). Mr. Brown filed an objection. (Doc. 12).

Mr. Brown devotes the majority of his two-page filing alleging that the state judicial system is "corrupt," and he did not have a fair trial. (Doc. 12 at 1, 2). For his objection, Mr. Brown reiterates that he "has still to this day of 3-5-26 not been contacted by the Alabama Supreme Court or Attorney Katherine Patillo" to notify him that a judgment denying his Rule 32 petition has been certified as denied. (Doc. 12 at 1–2; *see* doc. 1-2 at 71; doc. 6 at 1–2; doc. 9 at 1; doc. 10; doc. 11 at 5–11). But Mr. Brown does not address the magistrate judge's finding that he failed to meet the standard for invoking equitable tolling because he did not establish either that he

pursued his rights diligently or his appellate attorney's inaction qualified as an extraordinary circumstance and prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). Accordingly, the court **OVERRULES** Mr. Brown's objections. (Doc. 12).

After careful consideration of the entire record, the magistrate judge's report, and Mr. Brown's objections, the court **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with the magistrate judge's recommendation, the court **WILL DISMISS** Mr. Brown's petition as untimely.

This court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, the petition must demonstrate "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, Mr. Brown asserts claims of ineffective assistance of counsel. (Doc. 1-2 at 22–66). Jurists of reason could find it debatable whether Mr. Brown stated valid claims for the denial of his constitutional rights on these grounds. Additionally, jurists of reason could find it debatable whether Mr. Brown has shown entitlement to equitable tolling based on his attorney's abandonment.

2

Accordingly, the court **WILL GRANT** a certificate of appealability on the following question: whether Mr. Brown has shown that his attorney's abandonment is an extraordinary circumstance that prevented him from filing a timely petition for purposes of equitable tolling.

The court will enter a final order consistent with this memorandum opinion.

**DONE** and **ORDERED** this March 31, 2026.

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE

3